**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIMOTHY KOZLOWSKI,

Plaintiff,

v.

COMFORT SYSTEMS USA (OHIO), INC.,

Defendant.

Case No. 1:23-CV-840

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Report & Recommendation ("R&R") of the Magistrate Judge, (Doc. 27), and Defendant Comfort Systems USA (Ohio), Inc.'s ("Comfort") objections thereto, (Doc. 29). For the following reasons, the Court will adopt the R&R in full.

## I. BACKGROUND

The following facts are drawn from the thorough accounting made by the Magistrate Judge. A full summary of the facts underlying this case can be found in the R&R. (Doc. 27, PageID 598-601). In summary, Comfort hired Plaintiff Timothy Kozlowski in January 2022 to lead new business development for its construction team. "Kozlowski's job duties included developing new accounts, promoting Comfort to new clients, and selling parts and services." (*Id.*, PageID 599). The stated annual

sales goal for Kozlowski's position was $2,500,000, but the parties dispute whether the goal was "a long-term target" or "an essential job function." (*Id.*, PageID 608).

During his time at Comfort, Kozlowski worked with and was supervised by Tyler Gastright, Vice President of Sales and Engineering. In turn, Gastright reported to Brian Ballitch, Vice President and General Manager of Comfort's office in Cincinnati. According to Kozlowski, "no one expressed dissatisfaction to him about his work performance." (*Id.*). Furthermore, Kozlowski believed "that his direct supervisor was happy with him and his 'pipeline' of potential projects, and that no one ever told him he was not making sufficient progress" toward his sales goal. (*Id.*, PageID 600).

In November 2022, Kozlowski suffered a heart attack that required hospitalization and left him in a coma for a period of time. Meanwhile, on December 2, Gastright submitted his resignation from Comfort, effective December 30. On December 14, Ballitch emailed Gastright to say that he was reorganizing the department and Kozlowski's position had been eliminated as a result. (*Id.*, PageID 600). But Gastright refused to fire Kozlowski, as he believed the elimination of Kozlowski's position did not make business sense. Ballich eventually spoke to Kozlowski on December 15, at which point Kozlowski learned that his employment at Comfort was terminated, effective December 9. (Doc. 1, PageID 5).

Following receipt of the notice of his right to sue from the Equal Opportunity Employment Commission, Kozlowski brought this action in December 2023, asserting nine counts: (1) disability discrimination under the Americans with

Disabilities Act ("ADA"); (2) disability discrimination under Ohio law; (3) retaliation under the ADA; (4) retaliation under Ohio law; (5) age discrimination under the Age Discrimination in Employment Act ("ADEA"); (6) age discrimination under Ohio law; (7) intentional interference with covered benefits under the Employee Retirement Security Act ("ERISA"); (8) breach of contract; and (9) intentional infliction of emotional distress. (*Id.*, PageID 6-12).

Comfort moves for summary judgment, arguing that Kozlowski failed to satisfy the requirements of his sales position and cannot show that he was terminated on account of his disability or age. Comfort further contends that any indirect evidence of disability or age discrimination cannot overcome its legitimate business reason for terminating Kozlowski's employment, that it did not breach any contract with Kozlowski, and that Kozlowski cannot satisfy the elements necessary to show international infliction of emotional distress. (Doc. 24).

Upon review, the Magistrate Judge found genuine issues of material fact that preclude summary judgment as to Kozlowski's ADA and state law claims.[1] Accordingly, the Magistrate Judge recommended denying summary judgment on those questions. Comfort timely objects, arguing that the Magistrate Judge incorrectly found that (1) Kozlowski established a prima facie case of discrimination and presented sufficient evidence of pretext in Comfort's proffered reasons for termination; and (2) material issues of fact exist regarding the applicability of the honest-belief rule. (Doc. 29, PageID 636). Kozlowski asserts that Comfort's objections

[1] In response to Comfort's motion for summary judgment, Kozlowski conceded all but his ADA and state law claims. (Doc. 25, PageID 575).

"do not provide additional support to the arguments made in its previous filings and provide no basis for the Court to grant Comfort's motion." (Doc. 30, PageID 648).

## II. STANDARDS OF LAW

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that a fact is "material" only when its resolution affects the outcome of an action, and a dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party has satisfied its initial burden of showing the absence of a genuine issue of material fact, the nonmoving party may not rest on the mere allegations in the pleadings, but must instead put forth specific facts showing that there is a genuine

issue for trial. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## III. ANALYSIS

Comfort first argues that Kozlowski failed to establish a prima facie case of discrimination. Where, as here, a plaintiff presents only circumstantial evidence of retaliation, the Court employs the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See e.g.*, *Hrdlicka v. GM LLC*, 63 F.4th 555, 566-67 (6th Cir. 2023). Under the *McDonnell Douglas* framework, a plaintiff must show that (1) he was disabled or perceived as such; (2) he was otherwise qualified for his position; (3) he suffered an adverse employment action; (4) his employer knew or had reason to know of his disability; and (5) his position remained open or he was replaced. *Edwards v. Shelby Cnty.*, 159 F.4th 489, 498 (6th Cir. 2025). "The burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions, supported by admissible evidence that 'if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021)

Finally, "[t]he burden then 'shifts back to the plaintiff to show pretext'—meaning 'that the employer's explanation was fabricated to conceal an illegal motive.'" *Brown v. FCA US LLC*, No. 25-1405, 2025 U.S. App. LEXIS 33120, at *9-10 (6th Cir. Dec. 17, 2025) (quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)). "This resulting burden is one of persuasion, and this burden (as to pretext) at this stage 'merges with the ultimate burden of persuading the court that she has been

the victim of intentional discrimination.'" *Jordan v. Matthews Nissan, Inc.*, 539 F.Supp.3d 848, 865 (M.D. Tenn. 2021) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). "To defeat a summary judgment motion in such circumstances, the plaintiff must produce sufficient evidence from which the jury could reasonably reject the defendant's explanation and infer that the defendant intentionally discriminated against him." *Id.* at 866.

Comfort specifically objects to the Magistrate Judge's conclusions as to the second and fifth elements of the *McDonnell Douglas* framework—whether Kozlowski was qualified for his position and whether he was replaced. As to the second element, Comfort argues that "even assuming Kozlowski was qualified when he was hired, it is undeniable that he was not qualified at the time of discharge." (Doc. 29, PageID 639). Comfort bases this assertion on the $2,500,000 sales goal and what it characterizes as Kozlowski's failure to meet the "reasonable and achievable" goal. (*Id.*).

Comfort effectively argues that the R&R does not contain a sufficiently exhaustive survey of Kozlowski's qualifications and "relie[d] on subjective assessments from a non-decisionmaker and treats those assessments as dispositive." (*Id.*, PageID 638). But as the Magistrate Judge noted, Gastright was "the person most familiar with Mr. Kozlowski's employment," and he "testified that Mr. Kozlowski had 'extensive experience' and that he had no concerns with Mr. Kozlowski's performance." (Doc. 27, PageID 609). Indeed, the record reflects that Kozlowski

possessed "20-25 years of experience in industrial refrigeration," and "possessed the basic skills necessary to perform his job." (*Id.*, PageID 609-10).

Although Comfort claims that the Magistrate Judge failed to properly review Kozlowski's qualifications through the lens of *Wexler v. White's Fine Furniture*, its argument runs afoul of the Sixth Circuit's holding that "a court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case." 317 F.3d 564, 574 (6th Cir. 2003) (en banc). Ultimately, Comfort relies only on the sales goal to support its argument that Kozlowski was unqualified for his position at the time Comfort terminated his employment. But the record before the Court presents a substantially more nuanced picture that raises genuine issues of material fact.

As to the fifth element of the *McDonnell Douglas* framework, Comfort argues that "Kozlowski was not replaced—immediately or otherwise—and his former position did not remain open and unfilled." (Doc. 29, PageID 640). In concluding that Kozlowski satisfied this element, the Magistrate Judge noted that "[t]he fact that there was some period of time between Mr. Kozlowski's firing and the resumption of his duties by new hires does not negate this element of the prima facie case. Replacement by another individual need not be immediate to raise an inference of discrimination." (Doc. 27, PageID 611).

Although Comfort characterizes the Magistrate Judge's conclusion as "second-guess[ing] Comfort's business judgment or acumen," the Court is not persuaded. (Doc. 29, PageID 641). Comfort claims "the mere fact that [it] later chose to reopen a

previously abandoned business venture and restaff the department does not establish that Kozlowski was replaced for purposes of a prima facie ADA claim." (*Id.*, PageID 642). However, as the Magistrate Judge aptly pointed out, "[t]he key question is always whether, under the particular facts and context of the case at hand, the plaintiff has presented sufficient evidence that he or she suffered an adverse employment action under circumstances which give rise to an inference of unlawful discrimination." *Macy v. Kopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007).

A delayed replacement is still a replacement. And although a substantial delay *may* weaken the inference, it is not an inflexible temporal bar. The relevant question is whether those hired to serve on Comfort's reconstituted outside-sales team performed the same duties as Kozlowski. Thus, the Magistrate Judge did not improperly second-guess business judgments by embarking upon this inquiry and finding that Kozlowski set forth a prima facie case of disability discrimination.

Comfort next objects to the Magistrate Judge's conclusion that Kozlowski produced sufficient evidence of pretext. Comfort offered two related reasons for its decision: Kozlowski's allegedly poor sales performance and the elimination of his position following Gastright's resignation. The issue at this stage is not merely whether Comfort's stated reasons had some factual support. The question is whether the evidence, considered as a whole and construed in Kozlowski's favor, would permit a reasonable jury to find that those reasons did not actually motivate the termination. It does.

A genuine dispute exists concerning the performance explanation. Kozlowski acknowledged the annual sales target and conceded that he had booked substantially less than that amount when his employment was terminated. But the adverse employment action happened before Kozlowski finished his first year on the job, and the record contains evidence that no one at Comfort warned him about deficient performance or informed him that a failure to reach the sales goal before the end of the year could result in termination. Gastright, who directly supervised Kozlowski and worked closely with him, testified that he had no concerns about performance, believed Kozlowski was doing a good job, and understood the sales target as an annual goal, rather than an interim termination threshold.

The evidence concerning Kozlowski's sales pipeline also supports competing inferences. Comfort contends that the opportunities were speculative and not properly entered into its customer management system. Kozlowski, however, presented evidence that he created pipeline opportunities and was pursuing several substantial projects that Gastright knew of. Gastright believed it was a bad idea to terminate Kozlowski before those opportunities could develop. Although a reasonable jury could accept Comfort's position that booked sales and documented opportunities were the only pertinent measures, it could also find that Comfort's failure to consider Kozlowski's pipeline, its lack of prior warnings, and its decision to act before expiration of the first-year sales period cast doubt on whether poor performance actually motivated the termination.

There also is a genuine dispute concerning Comfort's restructuring explanation. Comfort maintains that the outside-sales effort could not continue without Gastright's leadership. But Gastright testified that he did not believe his resignation justified terminating Kozlowski's employment. And as Kozlowski's direct supervisor and the person most familiar with his work, Gastright's account bears on whether Comfort's asserted justifications were contemporaneous and whether the stated restructuring actually motivated the termination. Those facts, combined with the later rebuilding of the sales group, permit more than one reasonable inference here.

Comfort knew that Kozlowski suffered a heart attack, was hospitalized, and had been in a coma. The termination decision followed shortly thereafter, while Kozlowski was still hospitalized. Temporal proximity alone does not establish pretext, but it may be considered together with the lack of prior performance warnings, a supervisor's positive assessment, the treatment of pipeline opportunities, the disputed significance of the annual sales number, and Comfort's later restoration of the department. Viewed collectively, the evidence would permit a reasonable jury to disbelieve Comfort's stated reasons and infer that Kozlowski's disability was the actual reason for his termination.

Finally, Comfort objects to the Magistrate Judge's conclusion that it is not entitled to summary judgment based on the "honest belief" rule, which protects an employer that made a reasonably informed and considered employment decision based on particularized facts, even if the resulting conclusion later proved to be

mistaken. *See Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 322 (6th Cir. 2019) (quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 401 (6th Cir. 2009)). Although the rule does not require an employer's decision to have been correct or even prudent, a decisionmaker's assertion of subjective good faith is not, on its own, sufficient.

Material factual disputes prevent the application of the rule as a basis for summary judgment here. First, the record is not conclusive as to which facts actually informed the termination decision. For instance, when Kozlowski attempted to discuss his pending pipeline projects during the termination call, Ballitch stated that the information had no bearing on the decision. A jury could view that response as evidence that Comfort did not consider information directly relevant to its asserted performance rationale.

Second, the evidence leaves room for disagreement over whether Comfort adequately considered the views of the supervisor most familiar with Kozlowski's work. Gastright did not share Ballitch's assessment of Kozlowski's performance and did not believe termination decision made business sense. Though Comfort was not required to accept Gastright's judgment, the apparent unresolved conflict bears on whether the termination decision was reasonably informed and grounded in particularized facts.

Third, factual questions remain concerning Comfort's stated rationales. Comfort is correct that elaborating on a consistent reason does not necessarily amount to "shifting explanations." A jury could find that poor performance and restructuring were complementary considerations supporting a single, consistently

maintained business decision. But in this case, a jury also could find tension between the elimination of Kozlowski's position because it was discontinued and the termination of Kozlowski's employment for reasons that were disputed by his direct supervisor and were not communicated to Kozlowski in the first place. The Court cannot resolve these competing inferences on summary judgment.

## IV. CONCLUSION

Because there exist genuine disputes over Kozlowski's qualifications, whether Kozlowski was replaced, and whether Comfort's proffered reasons for terminating his employment were pretextual, summary judgment on this matter would be improper. Therefore, the Court **OVERRULES** Comfort's objections, (Doc. 29), and **ADOPTS** the R&R in full, (Doc. 27). Comfort's motion for summary judgment, (Doc. 24), is **DENIED** on Kozlowski's ADA and state law disability discrimination claims, and **GRANTED** on all remaining claims.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge